# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**RALPH ARMSTRONG**                                                                **PETITIONER**

**VS.**                                   **NO. 4:09-CV-00100-BSM-BD**

**LARRY NORRIS, Director,**
**Arkansas Department of Correction**                            **RESPONDENT**

## RECOMMENDED DISPOSITION

I.  **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

**II.**    **Background**

    Petitioner Ralph Armstrong is currently serving two concurrent sentences of life without parole in the Arkansas Department of Correction ("ADC"). (Docket entry #1 at p. 1) Petitioner was convicted, after a jury trial, of two counts of capital murder for murdering his wife, Dashunda Armstrong, and his unborn child. (#1 at p. 2) Petitioner timely appealed the judgment of conviction to the Arkansas Supreme Court. *Armstong v. State*, 366 Ark. 105, 233 S.W.3d 627 (2006).

    Among the claims Petitioner raised on direct appeal was a claim that the trial court abused its discretion and violated his Fourteenth Amendment right to due process and a fair trial when it excluded evidence of controversies between Kim Waller, Ms. Waller's sisters, and the victim, Dashunda Armstrong, including an audio tape of statements made by the Waller sisters threatening to kill Ms. Armstrong. *Id*. at 116. Relying on *Zinger v. State*, 313 Ark. 70, 852 S.W.2d 320 (1993), the Court rejected the Petitioner's claim and affirmed his conviction. *Id*. at 117.

    Petitioner filed a timely post-conviction petition with the trial court under Rule 37 of the Arkansas Rules of Criminal Procedure. In his Rule 37 petition, Petitioner again claimed the trial court violated his Fourteenth Amendment right to due process and a fair

trial and his Sixth Amendment right to a meaningful opportunity to present a complete defense by excluding the proffered evidence of third-party guilt. (#9-5 at p. 17) Petitioner claimed the United States Supreme Court's opinion in *Holmes v. South Carolina*, 547 U.S. 319, 126 S.Ct. 1727 (2006), issued one day before the mandate on the direct appeal in this case was issued, overruled *Zinger v. State*. (#9-5 at pp. 15-17)

The Pulaski County Circuit Court held a hearing and later entered an order denying the Rule 37 petition. In the order, the trial court wrote:

> A claim for relief under Rule 37 is not applicable if the claim on which it is based could have been raised at trial or on appeal, unless it presents a question so fundamental as to render the judgment of conviction absolutely void. This issue was adequately presented to this Court both before trial and prior to the case being presented to the jury. Further, the recent United States Supreme Court decision upon which the Petitioner relies did not explicitly overrule the law upon which this Court made its rulings and is otherwise distinguishable. Defendant's petition for relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure is therefore denied.

(#1 at p. 15)

Petitioner appealed the trial court's order denying relief under Rule 37 to the Arkansas Supreme Court claiming again that *Holmes* overruled *Zinger*. Petitioner claimed *Zinger* unconstitutionally abridged his rights to present a complete defense, confront and cross-examine witnesses, have a jury determine all facts necessary to convict, and to have the government prove its case beyond a reasonable doubt. (#9-7 at pp. 38-39) See also *Armstrong v. State*, 373 Ark. 347, 348, 284 S.W.3d 1, 2 (2008). The Court found that a Rule 37 petition was the appropriate process for Petitioner to use for

seeking the requested relief and held that the circuit court did not clearly err in denying Petitioner's Rule 37 petition. *Armstrong*, 272 Ark. at 350-51. The Court wrote:

> We hold the rule this court applied in both *Zinger* and *Armstrong* is not arbitrary and does not evaluate the strength of only one party's evidence as the rule overturned in *Holmes v. South Carolina, supra*. The rule we have applied simply requires that the evidence a defendant wishes to admit to prove third-party guilt sufficiently connects the other person to the crime. In *Armstrong v. State*, *supra*, we considered the evidence Armstrong alleged should have been admitted at his trial and concluded that it did "no more than create a suspicion or conjecture that the Waller sisters may have played a role in Dashunda Armstrong's death."

*Id*. at 353 (quoting *Armstrong v. State*, 366 Ark. 105, 118, 233 S.W.3d 627, 637 (2006)).

Petitioner raises two claims in the instant petition. First, Petitioner claims the Arkansas courts erred by holding the United States Supreme Court's opinion in *Holmes v. South Carolina* did not overrule the Arkansas Supreme Court's ruling in *Zinger v. State*. (#1 at p. 6-7) Second, Petitioner claims the rulings of the Arkansas courts based on *Zinger* "relieved the prosecution of its burden of proving guilt beyond a reasonable doubt by making the admissibility of evidence of third party guilt contingent upon the Petitioner convincing the trial court that the proffered evidence was sufficient to raise a reasonable inference of innocence." (#1 at p. 8)

Respondent suggests that Petitioner's second argument may not have been fully exhausted with the state courts. Petitioner, however, raised the same claim in his Rule 37 petition to the trial court and in his appeal of the trial court's denial of Rule 37 relief to

the Arkansas Supreme Court. Both the trial court and the Arkansas Supreme Court considered the claim. Accordingly, Petitioner has exhausted the claim.

For the reasons set forth below, this Court recommends the District Court dismiss Mr. Armstrong's petition with prejudice.

### III.     Discussion

A.     Limited Federal Review of Claims Adjudicated in State Court

"When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is "an unreasonable application" of federal law "if the state court identifies the correct governing legal principle from the [United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413.  "In other words, it is not enough for us to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable."  *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

Furthermore, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error.  Those findings may be set aside "only if they are not fairly supported by the record."  *Nicklasson v. Roper*, 491 F.3d 830, 841 (8th Cir. 2007) (quoting *Purkett v. Elem.*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995)).

B.      Application of Federal Law

Both the trial court and Arkansas Supreme Court relied on *Zinger v. State*, 313 Ark. 70, 852 S.W.2d 320 (1993) to affirm the trial court's ruling excluding evidence of controversies between Kim Waller, Ms. Waller's sisters, and Ms. Armstrong.  The evidence Petitioner proffered at trial consisted of the following:  a tape recording of the Waller sisters threatening to kill Ms. Armstrong, the names of all three of the Waller sisters, records of violent encounters between the women including a court case, records from the prosecutor's office that showed mutual harassment between Ms. Armstrong and

Kim Waller, and the presence of Kim Waller near the crime scene on the night of the murder. *Armstrong v. State*, 366 Ark. at 117.

On direct appeal, the Arkansas Supreme Court found that Petitioner "presented no direct or circumstantial evidence which connected any of the Waller sisters to his wife's death" as required under *Zinger*. *Id*. The Court found two of the sisters, whose voices were those on the tape, were in Forrest City on the night of Mrs. Armstrong's murder, and the Petitioner failed to link Kim Waller's presence in the area of the crime scene with the possibility of her guilt. *Id*.

Petitioner claims the state courts erred by holding that the United States Supreme Court's opinion in *Holmes v. South Carolina*, 547 U.S. 319, 126 S.Ct. 1727 (2006), did not overrule *Zinger*. Respondent contends the state courts correctly denied Petitioner relief under Rule 37 of the Arkansas Rules of Criminal Procedure because *Holmes* did not overrule *Zinger*. For the reasons set forth below, the state court decisions were not contrary to established Federal law.

1.   *Zinger v. State*

In *Zinger*, the defendants were convicted of first-degree murder and sentenced to life in prison. *Zinger*, 313 Ark. at 75. On appeal, the defendants claimed the trial court erred by refusing to allow testimony that someone else might have committed the crime. *Id*. Specifically, defendants sought to introduce testimony about a similar murder committed in Cullen, Louisiana, about thirty miles from where the crime for which they

were being tried took place. *Id*. The Arkansas Supreme Court quoted a North Carolina Supreme Court case stating:

> A defendant may introduce evidence tending to show that someone other than the defendant committed the crime charged, but such evidence is inadmissible unless it points directly to the guilt of the third party. Evidence which does no more than create an inference or conjecture as to another's guilt is inadmissible.

*Zinger*, 313 Ark. at 75 (quoting *State v. Wilson*, 322 N.C. 117, 367 S.E.2d 589 (1988)).

The Court also quoted a case from the Supreme Court of California stating:

> [T]he rule does not require that any evidence, however remote, must be admitted to show a third party's possible culpability . . . [E]vidence of mere motive or opportunity to commit the crime in another person without more, will not suffice to raise a reasonable doubt about a defendant's guilt: there must be direct or circumstantial evidence linking the third person to the actual perpetration of the crime.

*Zinger*, 313 Ark. at 76 (quoting *People v. Kaurish*, 52 Cal.3d 648, 276 Cal.Rptr. 788, 802 P.2d 278 (1990)).

Applying the rules set forth in the North Carolina and California cases, the Arkansas Supreme Court excluded the evidence proffered by the defendants because none of the evidence linked the Louisiana suspect to the Arkansas crime. *Id*. at 76.

   2.   *Holmes v. South Carolina*

In *Holmes*, the United States Supreme Court considered whether the the South Carolina Supreme Court violated a petitioner's constitutional rights by affirming a trial court's ruling excluding evidence of third-party guilt. *Holmes v. South Carolina*, 547 U.S. at 323. The petitioner sought to present evidence that another man was in the

victim's neighborhood on the morning of the assault and testimony of four witnesses who would have testified that the same man had either acknowledged the petitioner was innocent or that he had actually admitted to them that he had committed the crimes. *Id.* at 323.

On appeal, the South Carolina Supreme Court found the trial court had not erred by excluding the evidence. Citing *State v. Gregory*, 198 S.C. 98, 16 S.E.2d 532 (1941), and a later South Carolina Supreme Court case, *State v. Gay*, 343 S.C. 543, 541 S.E.2d 541 (2001), the Court held that "where there is strong evidence of an appellant's guilt, especially where there is strong forensic evidence, the proffered evidence about a third party's alleged guilt does not raise a reasonable inference as to the appellant's own innocence." *Holmes*, 547 U.S. at 324 (citing *State v. Holmes*, 361 S.C. 333, 342-43 (2004)).

The United States Supreme Court acknowledged that state rulemakers have broad latitude under the constitution to establish rules excluding evidence at criminal trials. *Id*. The broad latitude is limited, however, by the Constitution which "guarantees criminal defendants 'a meaningful opportunity to present a complete defense'" *Id*. (quoting *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2141 (1986) (citations omitted)).

The Court stated that under "well-established rules of evidence," trial judges are constitutionally permitted to exclude evidence "if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to

mislead the jury." *Id*. at 326. As an example, the Supreme Court cited the "widely accepted" rules regulating admission of evidence proffered by criminal defendants to show that someone else committed the crime with which they are charged. *Id*. at 327. The Court listed decisions from more than twenty states, including the Arkansas Supreme Court's decision in *Shields v. State*, 357 Ark. 283, 287-88 (2004), a case following the rule set forth in *Zinger*, holding that evidence of third party guilt may be excluded when the trial court finds the evidence offered does not sufficiently connect the third party to the crime but rather creates merely suspicion or conjecture. *Id*. at 327.

The Supreme Court found that, in contrast to the widely accepted rule, the South Carolina Supreme Court's ruling in *Holmes* "radically changed and extended" the accepted rule by shifting the trial court's focus to the strength of the prosecution's case, rather than the probative value or potential adverse effects of the defendant's evidence of third-party guilt. *Id*. at 328-330. The Court held the rule applied by the South Carolina Supreme Court did not "rationally serve the end that the *Gregory* rule and its analogues in other jurisdictions were designed to promote, *i.e.* to focus the trial on the central issues by excluding evidence that has only a very weak logical connection to the central issues." *Id*. at 330. Accordingly, the Court held the rule applied in *Holmes* violated the criminal defendant's right to have a meaningful opportunity to present a complete defense. *Id*. at 331 (citing *Crane* 476 U.S. 683, 690, 106 S.Ct. 2142).

### 3. *The Arkansas Supreme Court's Decision*

In considering Mr. Armstrong's appeal of the trial court's denial of Rule 37 relief, the Arkansas Supreme Court accurately set forth the United States Supreme Court's ruling in *Holmes*. *Armstrong*, 373 Ark. at 351-52. Reasonably applying the principles set forth in *Holmes*, the Court concluded that *Holmes* did not overrule *Zinger* because, unlike the South Carolina rule overturned in *Holmes*, the rule in *Zinger* applied in Petitioner's case did not evaluate the strength of only one party's evidence. *Armstrong*, 272 Ark. at 353. The Arkansas Supreme Court's ruling in Petitioner's case was not contrary to established Federal law.

C. Burden of Proof

For his second claim, Petitioner contends the rule in *Zinger* relieves the prosecution of its burden of proving guilt beyond a reasonable doubt and shifts the burden to the Petitioner to convince the trial court that the proffered evidence is sufficient to raise a reasonable inference of innocence. (#2 at p. 8) The *Zinger* rule, Petitioner claims, "arbitrarily excludes relevant, competent, and reliable evidence for no reason other than a judge sitting as fact finder does not believe it is sufficiently tied to a third party's guilt." (#1 at p. 9) As support for this proposition, Petitioner claims that "*Holmes* invalidated South Carolina's equivalent to Arkansas's *Zinger* rule." (#1 at p. 9) This reading of *Holmes* is too broad.

In *Holmes*, the Supreme Court approved rules, such as South Carolina's rule in *State v. Gregory*, 198 S.C. 98, 16 S.E.2d 532 (1941) and Arkansas's rule in *Zinger*, which require a criminal defendant seeking to present evidence of third-party guilt to present a train of facts or circumstances that point to another person's guilt prior to admission of the evidence. Rules requiring such a foundation are "widely accepted." *Holmes*, 547 U.S. at 327. They rationally further the goal of focusing the trial on the central issues "by excluding evidence that has only a very weak logical connection to the central issues." *Id*. at 330. Consequently, in *Holmes* the Supreme Court affirmed that these well established rules of evidence appropriately exclude evidence that has no other effect than to create a suspicion or inference. *Id*. at 327-28.

The Arkansas Supreme Court's decision in Mr. Armstrong's appeal of the trial court's denial of Rule 37 relief is not contrary to the Constitutional protections the Supreme Court articulated or the precedents relied upon in *Holmes*. Accordingly, federal habeas relief is not warranted. See *Johnson v. Norris*, 537 F.3d 840, 849 (8th Cir. 2008) (affirming the District Court's dismissal of an ineffective assistance of counsel claim where the petitioner claimed counsel was ineffective for not raising a federal constitutional argument under *Holmes* in a case where the trial court excluded evidence of third-party guilt under *Zinger*); *Shields v. Norris*, No. 5:04cv00344 JLH, 2007 WL 2154175 (E.D. Ark. July 24, 2007) (holding state courts did not infringe on the

constitutional protections set forth in *Holmes* when they applied the rule set forth in *Zinger* to exclude petitioner's proffered evidence of third party guilt).

## IV.    Conclusion

For the reasons set forth above, the Court recommends that the District Court dismiss Ralph Armstrong's petition for writ of habeas corpus (#1) with prejudice.

DATED this 10th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE